

**IT IS ORDERED as set forth below:**

**Date: April 10, 2023**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| DERRICK BERNARD JACKSON, | CASE NO. 22-58536-BEM |
| Debtor. | CHAPTER 13 |
| DERRICK BERNARD JACKSON, | |
| Movant, | |
| v. | Contested Matter |
| PARAMOUNT PROPERTIES MANAGEMENT GROUP, ARTHUR M. MCCRACKEN, ET AL., | |
| Respondents. | |

## O R D E R

This matter is before the Court on Debtor's *Motion to Impose Sanctions* (the "Motion").[1] [Doc. 7]. The Motion alleges that

---

[1] Debtor filed the Motion pro se, but he subsequently retained counsel.

> Respondents filed a proposed order in Fulton County Superior Court after being notified of the [bankruptcy] filing October 24, 2022, seeking to have the Fulton County Superior Court hold any funds in the registry of the Court in violation of the automatic stay. This is proof of Repondents' [sic] actual knowledge of the automatic stay and their blatant disregard for automatic stay.

[Doc. 7]. The Motion requests punitive and actual damages.

The automatic stay arises upon the filing of a bankruptcy petition and prohibits, among other things:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> …
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. § 362(a)(1), (3). A debtor who is injured by a willful violation of the automatic stay may seek damages. *Id.* § 362(k). On January 19, 2023, the Court entered an order giving the parties 21 days to provide legal authorities on the issue of whether an order staying proceedings in a nonbankruptcy forum due to the filing of a bankruptcy case violates the automatic stay and to identify facts they contend cause that statement of the issue to be incorrect. [Doc. 94]. The parties have now filed their papers.

The relevant facts are not in dispute and are as follows:

Debtor, pro se, filed the above-captioned bankruptcy case on October 24, 2022. [Doc. 1]. At the time the case was filed, the parties were engaged in litigation in the Fulton County Superior Court (the "State Court Case"). [Doc. 20 at 2, Doc. 20-8, Doc. 20-10; Doc. 119 at 2]. The State Court Case originated in the Magistrate Court, and on April 25, 2022, the Magistrate Court entered a consent order. [Doc. 20-8; Doc. 119 at 2]. The consent order transferred the case to the Superior Court and required Debtor to pay certain sums into the registry of the Superior Court.

2

[Id.]. Upon being notified of the bankruptcy filing, the Superior Court judge's staff by email dated October 24, 2022 asked Respondents' state court counsel to submit a proposed order staying the State Court Case. [Doc. 20-9; Doc. 119-1 ¶ 4]. A proposed order was instead submitted by Debtor's state court counsel, stating in part: "The Clerk of this Court shall hold any funds held in the registry of the Court until an order is received from the United States Bankruptcy Court regarding the disposition of such funds." [Doc. 118-1; Doc. 119-1 at 5]. Respondents agreed to Debtor's proposed order with the following alteration: "The Clerk of this Court shall hold any funds held in the registry of the Court <u>until further order from the Bankruptcy Court or this Court, as the case may be,</u> ~~an order is received from the United States Bankruptcy Court~~ regarding the disposition of such funds." [Doc. 20-10; Doc. 118-2; Doc. 119-1 at 6]. Debtor's counsel then sent an email to Respondent's counsel and the Superior Court judge's staff on October 24, 2022 stating: "I do not believe that this Court has jurisdiction to take any action other than 'stay' all matters. To close the case or take other administrative actions would be a violation of the Federal automatic stay. However, as a disclaimer, I do not claim to be a Bankruptcy expert." [Doc. 119-1 at 7]. The order subsequently signed and entered by the Superior Court on October 28, 2022 incorporated the alterations requested by Respondents' counsel, and provided in full as follows:

ORDER REGARDING STAY IN BANKRUPTCY

> It appearing to the Court that the Defendant has filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 22-58536 and that said filing operates as an automatic stay of further proceedings against the bankruptcy Defendant(s) in the above styled action.
>
> IT IS THEREFORE ORDERED, AS FOLLOWS:
> There is only one Defendant in this action. All proceedings against the Defendant are stayed until further order of the Court. The Clerk of Court is hereby directed to remove this case from the pending files and close this case by administrative order upon the docket of this Court. The Clerk of Court shall hold any funds held in the registry of the Court until further order from the Bankruptcy Court or this Court, as the case may be regarding the disposition of such funds.

3

[Doc. 20-10; Doc. 119-1 at 9].

Debtor argues that Respondents unilaterally worded an order directing the post-petition transfer of estate funds to themselves and that the order explicitly gave the Superior Court powers it does not have and that the automatic stay is within the sole purview of the Bankruptcy Court. The Court disagrees.

While the Bankruptcy Court may be the only court that can modify or enforce the automatic stay, state courts have concurrent jurisdiction to determine whether the automatic stay applies to proceedings before them. *In Matter of Vanbrocklin*, No. 15-11761-WHD, 2016 WL 3135786, at *4 (Bankr. N.D. Ga. May 16, 2016) (Drake, J.). The State Court order, therefore, does not violate the stay by determining that the stay applies. However, a "nonbankruptcy court's determination regarding the applicability of the automatic stay is valid, and therefore preclusive, only if the order itself is not a violation of the automatic stay." *In re Patel*, No. 16-65074-LRC, 2019 WL 3933714, at *3 (Bankr. N.D. Ga. Aug. 19, 2019) (Ritchey Craig, J.) The order here acknowledges the existence of the automatic stay and its effect in the first paragraph and in the second paragraph expressly states, "All proceedings against the Defendant are stayed until further order of the Court."

Contrary to Debtor's argument, nothing in the State Court order directs the transfer of funds to Respondents and nothing in the order authorizes the Superior Court to order the release of funds in violation of the automatic stay. The order requires the clerk to retain the funds until further order by either the Superior Court or the Bankruptcy Court. Assuming without deciding that the funds were property of Debtor's bankruptcy estate at the time the order was entered, the order serves to maintain the status quo with respect to the funds, which in itself is not a stay violation. *City of Chicago v. Fulton*, 141 S. Ct. 585, 589 (2021). Additionally, the language

4

proposed by Respondents and adopted by the Superior Court contemplates the possibility that the automatic stay could terminate by operation of law without the Bankruptcy Court ever entering an order "regarding the disposition of" the funds—for example if the bankruptcy case were dismissed.[2] In such circumstances, the Superior Court would be the appropriate court to direct disposition of the funds. By contrast, the language proposed by Debtor's state court counsel could be interpreted to require the Superior Court clerk to retain funds held in the Superior Court's registry regardless of the status of bankruptcy case and automatic stay if the Bankruptcy Court never enters an order specifically regarding the funds.[3]

The cases cited by Debtor are not factually similar and do not support a finding that Respondents violated the automatic stay. In *In re Megan-Racine Associates, Inc*., 203 B.R. 873 (Bankr. N.D.N.Y 1996), there was a dispute about whether the debtor—a supplier of power—was entitled to be paid at the contractual rate by a customer or at a higher statutory rate. *Id.* at 876. While the dispute was pending, and after the bankruptcy court denied a motion by the customer to escrow the difference between the two amounts, the customer unilaterally deposited the surplus for the current month's energy purchase into its attorney's escrow account. *Id.* at 877-88. The court found that doing so violated the automatic stay because it impacted the contract between the debtor and the customer, which was property of the bankruptcy estate. *Id.* at 883.

In *Davidson v. Kanipe*, 410 B.R. 607 (E.D. Tenn. 2009), the debtor provided a check to the creditor, a deferred presentment business, in exchange for funds and then filed for bankruptcy. The creditor cashed the check post-petition, but subsequently returned the money to

---

[2] Indeed, Debtor's prior bankruptcy case, No. 22-56981, was dismissed for failure to pay the filing fee. The above-captioned case was dismissed on motion of the Chapter 13 Trustee. [Doc. 103].

[3] This Court did, in fact, enter an order regarding disposition of the funds by granting Respondents relief from the automatic stay "to obtain the funds held in the registry of the Superior Court should the Superior Court determine [they] are entitled to those funds[.]" [Doc. 44 at 2]. That order is currently pending on appeal. [Doc. 69].

5

the debtor. *Id.* at 609-10. The court found that the post-petition presentment of a prepetition check is excepted from the automatic stay under § 362(b)(11), although payment of the check amounts to an unauthorized post-petition transfer of property of the estate. *Id.* at 612. Once the creditor had the funds, they were no longer property of the estate, such that any retention of the funds did not violate the automatic stay. *Id.*

Here, the validity of depositing the funds into the registry of the court is not at issue; the deposits were made by consent of the parties. And there was no unilateral action by Respondents to control the funds. The Superior Court entered its order after input by both sides, including an email from Debtor's counsel contesting the propriety of Respondents' proposed language.

Based on the foregoing, the Court concludes that neither the submission of the proposed language by counsel for Respondents nor the order itself violates the automatic stay. Accordingly, it is

ORDERED that the Motion is DENIED.

**END OF ORDER**

6

**Distribution List**

Derrick Bernard Jackson
Apt. H 142 S Park Square
Marietta, GA 30060

Michael C. Familetti
Familetti Law
142 S. Park Square, Ste. H
Marietta, GA 30060

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

Nicholas Joseph Garcia
Hall Booth Smith, P.C.
P.O. Box 2707
Columbus, GA 31902

Robert J Kaufman
Chalmers, Adams, Backer & Kaufman, LLC
11770 Haynes Bride Rd.
Ste #205-219
Alpharetta, GA 30009

Juan S. Patino
Chalmers, Adams & Kaufman, LLC
5805 State Bridge Rd, #G77
Johns Creek, GA 30097